CASE 107—EQUITY—JANUARY 6, 1883.

# The Auditor v. Kinkead.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. Under the existing statute the compensation now allowed to a justice of the peace is two dollars per day, and no more, for presiding at examining trials in felony cases, whether there be one or more than one such trial held by the officer on the same day.

2. The compensation of appellee as recorder of the city of Lexington is the same as is allowed to a justice of the peace in such cases.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

1. The facts averred in the petition do not set forth a cause of action.

2. The petition on its face, and the account filed, show that it is not payable out of the treasury.

GEO. B. KINKEAD AND BRECKINRIDGE & SHELBY FOR APPELLEE.

The only question is, whether appellee is allowed by the statute two dollars in each felony case in which he sits as an examining court, or only two dollars per day, though he may preside at two or more examining courts on the same day. We insist that he is entitled to two dollars for each case. (Johnson v. The Auditor, 4 Bush, 321; Myers' Sup., 155, 156; Gen. Stat., art. 4, chap. 41, p. 467; Mulligan v. The Commonwealth, MS. Op., Nov., 1877.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The statute governing when the decision was rendered in the case of Johnson v. The Auditor, 4 Bush, 322, was as follows: "Justices of the peace of this commonwealth shall hereafter receive for presiding at examining *court*, per day, to be paid out of the treasury, two dollars." (Myers' Supplement, pp. 155, 156.)

It was considered, in the opinion in that case, that the statute as it stood was ambiguous, and in order to make it susceptible of the construction given, it was deemed necessary to supply the article "an," which the court concluded was omitted by the legislature through mistake, so as to

The Auditor v. Kinkead.

make the law read ". . . . . for presiding at *an* examining court, two dollars per day."

The existing statute, enacted since the opinion in that case was delivered, is as follows: ". . . . . . for presiding at examining *courts in felony cases* per day, to be paid out of the treasury, two dollars." (General Statutes, p. 467.)

It will be perceived that the provision of the General Statutes upon the subject differs from the previous one in two respects:

*First.* Justices of the peace are now entitled to compensation for such services in felony cases only.

*Second.* For the words "examining *court*" have been substituted the words "examining *courts*," which neither require nor admit of a prefix in order to render the statute plain.

In our opinion, the compensation now allowed to a justice of the peace in such cases, according to the only reasonable construction of the General Statutes, is two dollars per day, and no more, for presiding at examining trials in felony cases, whether there be one or more than one such trial held by the officer the same day.

And as the compensation of appellee as recorder of the city of Lexington is by law the same as that allowed to a justice of the peace, it follows that the court below erred in adjudging him entitled to two dollars for each case, instead of two dollars per day while presiding at such trials.

Wherefore, the judgment is reversed, and cause remanded, with directions for further proceedings consistent with this opinion.