Stone, Auditor, v. Thompson.

---

CASE 45—AGREED CASE—DEC. 18.

## Stone, Auditor, v. Thompson.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. STATUTORY CONSTRUCTION—FEES OF EXAMINING COURTS.—The pro-
vision of section 353 of the Kentucky Statutes that county judges
and other magistrates shall receive "for holding examining courts
in felony cases, for the first day's service two dollars, for each ad-
ditional day one dollar, not to exceed four dollars in any one
case," means that they shall receive the fees in each case, al-
though they may try two or more cases on the same day.

W. S. TAYLOR FOR APPELLANT.

1. Under the rules of construction heretofore laid down by this court,
the use of the term "examining court" in the statute authorizes
the payment of fees for each case tried on any day; and the use
of "examining courts" only authorizes the payment of so much
per day, without regard to how many cases may have been tried
on that day.  (Johnson v. Auditor, 4 Bush, 331; Auditor v. Kin-
kead, 80 Ky., 596; Auditor v. Walton, 88 Ky., 634.)

KOKN, BAIRD & SPINDLE FOR APPELLEE.

1. Under the statute of April 19, 1886, providing that one who holds
an examining court "shall receive for the first day, as fees for his
services, two dollars, for each day thereafter, one dollar, pro-
vided that in no case shall the fees exceed four dollars," it was
held in Auditor v. Walton, 88 Ky., 634, that it was the intention to
pay the officers holding examining courts by the case and not by
the day.  Section 353 of the Kentucky Statutes on that subject is
substantially the same, there being only a change in the literary
style, and should be construed in the same way.  (Sec. 353 Ken-

tucky Statutes; Gen. Stats., Ed. 1887, page 277; Auditor v. Walton, 88 Ky., 634.)

C. W. LESTER AND W. S. TAYLOR IN PETITION FOR REHEARING.

1. By section 2921 of the Kentucky Statutes with reference to the Police Court of the city of Louisville it is provided that "no fees shall be received by any of the officers of this court, and no costs shall be taxed against any person tried by said court;" and under the provisions of section 2911 appellee is an officer of that court; and under section 2923 his compensation is to be fixed by ordinance. He is therefore entitled to no compensation whatever for holding examining courts.

KOHN, BAIRD & SPINDLE IN RESPONSE TO PETITION FOR REHEARING.

1. The provisions of section 2921 relate only to those persons who are generally denominated as the officers of the court, such as the clerk, prosecuting-attorney, etc.

2. Even though the court should not think this construction of that section correct, it having been heretofore so construed and acted upon by all public officials, the doctrine of contemporaneous construction should be applied. (Harrison v. Com., 83 Ky., 162; Barbour v. Louisville, 83 Ky., 95.)

3. Section 143 of the Constitution provides for the establishment of a regular system of police courts in the State with a uniform jurisdiction; and section 142 provides for the establishment of justice's courts and a uniform jurisdiction. Section 2921 of the Kentucky Statutes, if it applies at all, applies only to the fees of officers of courts in cities of the first class, and in no way affects the fees of such officers in other cities of the State, and is therefore a "local or special act," and contrary to section 59 of the Constitution.

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT:

This question involves the construction of the statute, fixing the fees of the courts in this Commonwealth for holding examining courts in felony cases.

In the General Statutes, under the title of "Fees," we find this item: "For presiding at examining courts in felony cases, per day, to be paid out of the treasury, $2.00."

This · court in Auditor v. Kinkead, 80 Ky., 596, in determining the legislative intent, said that the purpose of the Legislature was to allow only $2.00 per day, and no more, although the judge or magistrate might try as many as two or more cases on the same day; that he was paid by the day, and not for the trial of each·case.    Under this construction, the magistrate or justice of the peace, if trying only one case, could prolong the trial from day to day; and if the trial continued as long as five days, and it lasted sometimes longer, the magistrate would be entitled to $2.00 for each day, making $10.00 for the one case, increasing thereby the burden on the treasury, and offering an inducement to prolong the trial that the fee might be enlarged.    To remedy this evil, or at least to make the fees of such officers more definite and certain, the Legislature changed the statute, and the fees of examining courts so regulated as that no greater fee could be charged for holding an examining court in any one case than $4.00.

The statute, as it now stands, reads:     "To county judges and other magistrates for holding examining courts in felony cases, for the first day's service, $2.00; for each additional day, $1.00, not to exceed $4.00 in any one case."    The Legislature, by the act just quoted, was more explicit and certain as to its meaning than in the General Statutes, and limited by the language used "not to exceed $4.00 in any one case," the magistrate to that sum, and no greater, where he held his examining court longer than four days; in other

words, you shall not charge more than $4.00 in any one case, $2.00 for the first day and $1.00 for each day thereafter, not to exceed $4.00 in any one case, making manifest an intention on the part of the Legislature to pay for each case tried, not to exceed $4.00, instead of permitting such courts to be held for an indefinite period that greater fees might be obtained.

It is insisted that this view of the question is in conflict with the case of Auditor v. Kinkead, 80 Ky., 596, when it is apparent the language used "not to exceed $4.00 in any one case," which is not in the General Statutes, was intended to explain the legislative meaning, and give to the magistrate his fees in each case, but not to exceed the sum fixed by the statute.

Judgment affirmed.

Judges Lewis, Guffy and DuRelle dissenting.